**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SHANNON L. CALLAHAN,

    Plaintiff,

v.                                                    Case No. 3:06CV105/RV/MD

COUNTRY WIDE HOME LOANS, INC.,

    Defendant.

_____

**<u>ORDER</u>**

Plaintiff Shannon L. Callahan originally brought this action in the Circuit Court for Escambia County, Florida, against Countrywide Home Loans, Inc., alleging claims of negligence and negligent misrepresentation with respect to Hurricane Ivan flood damage. The case was removed to this court. The Defendant has now filed a motion to dismiss. (Doc. 10) For the purposes of this motion, the factual allegations in the Plaintiff's complaint will be taken as true.

**I.    FACTUAL BACKGROUND**

Plaintiff, Shannon L. Callahan, is an active duty Naval officer stationed in Pensacola, Florida. Defendant, Countrywide Home Loans, Inc. ("Countrywide"), is a lending institution incorporated in New York and having its principal place of business in California. In August of 2004, Callahan applied for and received a mortgage from Countrywide for the purchase of property adjacent to Escambia Bay at 8680 Scenic Highway, Unit #3, in Pensacola, Florida ("the property").

As part of the application process, Countrywide conducted a Standard Flood Hazard Determination ("flood determination") for the property to ascertain whether it was in a Special Flood Hazard Area ("flood hazard area"). This flood determination was required by the National Flood Insurance Act ("NFIA") [42 U.S.C. § 4000 et seq.], which prohibits lenders from lending money secured by property in areas designated by the Federal Emergency Management Agency as a flood hazard area unless the lender requires the borrower to obtain flood insurance for the amount of the loan. Countrywide's determination incorrectly concluded that the property was not in a flood hazard area, when, in fact, it was.

Callahan did not purchase flood insurance for the property. In September of 2004, the property sustained significant damage due to hurricane Ivan. Most of the damage was apparently due to the flooding by the hurricane's storm surge. Callahan sought compensation from Countrywide for the damage. After Countrywide denied Callahan's flood-related damage claims, Callahan initiated this action against Countrywide in the Florida circuit court, alleging claims of negligence and negligent misrepresentation. The case has been removed to this court on the basis of diversity jurisdiction.

**II.    DISCUSSION:**

    A.    Motion to Dismiss Standard

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc.,

29 F.3d 1480, 1483 (11th Cir. 1994).

  B. <u>Duty</u>

  In this case, Callahan claims that her lack of flood insurance coverage was caused by Countrywide's negligence. Callahan does not allege a federal cause of action for damages under the NFIA, but rather that the NFIA imposed a duty upon Countrywide to insure that she had flood insurance if her property was in a flood hazard area. Callahan alleges that Countrywide's failure to do so was negligence and negligent misrepresentation. Under Florida law, the violation of a federal, state, or local statute may, depending on the circumstances, constitute: (a) strict liability; (b) negligence per se; or (c) simply evidence of negligence. A plaintiff is strictly liable for the violation of a statute when the statute in question was "designed to protect a particular class of persons from their inability to protect themselves." <u>deJesus v. Seaboard Coast Line Railroad Co.</u>, 281 So.2d 198, 201 (Fla. 1973); <u>see also</u> <u>Eckelbarger v. Frank</u>, 732 So.2d 433 (Fla. 2nd DCA 1999). If the statute does not fall into the first category, but was still designed to protect a particular class of people from a particular injury, violation of that statute will constitute negligence per se in a claim brought by a member of the protected class against the violator. <u>deJesus</u>, <u>supra</u>, 281 So.2d at 201. A finding of negligence per se establishes negligence as a matter of law, but leaves issues of causation and comparative negligence to the finder of fact. <u>Eckelbarger</u>, <u>supra</u>, 732 So.2d at 435. Violations of all other statutes may constitute evidence of negligence, but a plaintiff is still required to prove the other elements of a negligence claim, such as duty and causation. <u>deJesus</u>, <u>supra</u>, 281 So.2d at 201. The issue presented is whether the complaint alleges a factual and legal basis for establishing the duty element for a neglience claim under Florida law.

  While the NFIA was designed to protect a particular class of people from a particular type of injury, Callahan does not fall within that protected class. It is well

established that lenders, not borrowers, are the intended beneficiaries of the NFIA. See Till v. Unifirst Federal Savings and Loan Association, 653 F.2d 152 (5th Cir. 1981).[1] Thus, Countrywide's violation of NFIA can only serve as evidence of negligence, rather than as negligence per se. However, as noted above, violation of this type of statute is evidence only that the defendant in question may have been negligent. It does not go to establish that Countrywide owed Callahan a duty. Cf. Southland Construction v. Greater Orlando Aviation, 860 So.2d 1031 (Fla. 5th DCA 2003). Other than its violation of the NFIA, Callahan has not alleged any basis for a duty towards her on the part of Countrywide. Thus, Callahan's complaint does not state a cause of action against Countrywide for negligence.

In addition, allowing Callahan's claims for negligence and negligent misrepresentation to proceed raises serious federalism related concerns. Florida courts are certainly free to treat the violation of federal statutes as the basis for state law claims, regardless of whether the statute in question was intended to provide a private right of action based upon its violations. See Iconco v. Jensen Construction, 622 F.2d 1291, 1296 (8th Cir. 1983) (holding that state courts are "certainly free to look to the provisions of a federal statute for guidance in applying its longstanding common-law remedies"). However, a state court may choose, for reasons of comity, not to allow or create state law causes of action based on the violation of federal statutes where doing so would be out of keeping with the particular federal statutory scheme. Most states dealing with this issue have held that these federalism concerns preclude any state common law action based on a violation of the NFIA. See, e.g., Mid-American National Bank of Chicago v. First Savings & Loan Association, 515 N.E.2d 176 (Ill. App. Ct. 1987); Jack v. City of Wchita, 933 P.2d 787 (Kan. Ct. App. 1997); Lehmann v. Arnold, 484 N.E.2d 473 N.E.2d 473 (Ill. App. Ct. 1985); Bigler v. Centerbank

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Till was decided on August 7, 1981.

Mortgage, 1994 WL 711168 (Conn. Super. Ct. 1994). And, while the Supreme Court of Florida has yet to address this question, it seems likely that, were it to do so, it would reach a similar conclusion. I must conclude, therefore, that the Plaintiff's complaint fails to allege the necessary elements of a Florida negligence claim.

### III.   CONCLUSION

For the above reasons, the Defendant's motion to dismiss (Doc. 10) is GRANTED, and the complaint is hereby dismissed. Plaintiff is granted leave to file an amended complaint within fourteen days from the date of this order.

DONE AND ORDERED this 26th day of July, 2006.

/**s**/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**