**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

SHANNON L. CALLAHAN,

    Plaintiff,

v.                                        Case No. 3:06cv105/RV/MD

COUNTRYWIDE HOME LOANS, INC., and
LANDSAFE FLOOD DETERMINATION, INC.,

    Defendants.

_____

**ORDER**

    Plaintiff Shannon L. Callahan originally filed this litigation in the Circuit Court for Escambia County, Florida, against Countrywide Home Loans, Inc. ("Countrywide"), alleging claims of negligence and negligent misrepresentation with respect to Hurricane Ivan flood damage. These claims were based on the allegation that Defendant violated provisions of the National Flood Insurance Act ("NFIA") [see 42 U.S.C. § 4001 *et seq*.] by failing to advise Plaintiff that her home was located in a flood zone. The case was thereafter removed to this Court, after which I denied Plaintiff's motion to remand and granted Defendant's motion to dismiss on the ground that Countrywide did not owe Plaintiff any legal duty under the NFIA. I granted Plaintiff leave to amend her complaint within fourteen (14) days of the dismissal order, which she did.

    In her Amended Complaint, Plaintiff deleted all references to the NFIA and added Landsafe Flood Determination, Inc. ("Landsafe") as a new defendant. Both Defendants now move to dismiss the Amended Complaint (Doc. 35). For purposes of this motion, the factual allegations in Plaintiff's Amended Complaint will be taken as true.

**I.     FACTUAL BACKGROUND**

The facts of this case have been discussed in prior Orders [Docs. 20 and 22], and need not be repeated here in great detail. It should be sufficient to say for present purposes that in August 2004 Plaintiff applied for and later received a mortgage from Countrywide for the purchase of certain residential property. During and as part of this process, Countrywide agreed to conduct a "flood determination" to ascertain whether the property was located in a flood hazard area.[1] Countrywide, in turn, delegated the flood determination task to Landsafe. Landsafe later determined that the property was not in a flood hazard area, when, in fact, it was. Because of the flood determination, Plaintiff did not purchase flood insurance. The property eventually sustained significant damage due to Hurricane Ivan, after which Plaintiff filed this suit and the case followed the procedural path as described above.

**II.    DISCUSSION**

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); see also Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

With the foregoing standard of review in mind, and after review of the applicable law, it is clear that Defendants' motion to dismiss must be granted. As noted above, I previously dismissed this suit on the grounds that Countrywide did not

---

[1] This flood determination was required under the NFIA, which prohibits lenders from lending money secured by property located in areas designated as flood hazard areas unless the lender requires the borrower to purchase insurance for the amount of the loan.

owe Plaintiff any duty under the NFIA. Plaintiff has attempted to avoid a similar fate with regards to her Amended Complaint by deleting all references to the NFIA. Plaintiff alleges that her causes of action against Defendants are based on *state common law* and arise out of Defendants' contractual duties. But, as noted in my Order granting the first motion to dismiss, it would implicate serious federalism concerns to allow such claims to stand, and, consequently, "most states dealing with this issue have held that these federalism concerns preclude *any state common law action* based on a violation of the NFIA." See Doc. 22 at 4 (emphasis added) (collecting multiple cases); see also, e.g., Dollar v. NationsBank of Ga., N.A., 534 S.E.2d 851 (Ga. Ct. App. 2000); R.B.J. Apartments, Inc. v. Gate City Savings and Loan Ass'n, 315 N.W.2d 284 (N.D. 1982); Pippin v. Burkhalter, 279 S.E.2d 603 (S.C. 1981); accord Wentwood Woodside I, L.P. v. GMAC Commercial Mortgage Corp., 419 F.3d 310 (5th Cir. 2005) (predicting that Texas law would be consistent with federal law in not allowing a cause of action for negligence arising from a violation of the NFIA); Peal v. N.C. Farm Bureau Mut. Ins. Co., 212 F. Supp. 2d 508 (E.D.N.C. 2002) (holding plaintiff's state law claims were preempted by the NFIA); Lukosus v. First Tennessee Bank Nat. Ass'n., 2003 WL 21658263 (W.D. Va. July 09, 2003) (collecting multiple cases and noting that "those state courts that have considered the issue have rejected any such common law cause of action, based in part on principles of federalism"), *aff'd*, 89 Fed.Appx. 412 (4th Cir. Mar. 15, 2004); Jacobsen v. Banco Mortgage Co., 547 F. Supp. 954 (D. Minn. 1981) (holding that it would "def[y] logic" to permit the NFIA --- which does not provide borrowers with a direct cause of action --- to be used indirectly for the "purpose of creating a standard of conduct in the context of a common law negligence claim").

To the extent that Plaintiff contends this litigation is distinguishable from the foregoing cases because she does not specifically reference the NFIA in her Amended Complaint, that contention must be rejected. As to this issue, a case decided earlier this month, Ford v. First American Flood Data Services, 2006 WL 2921432 (M.D.N.C.

Oct. 11, 2006), is very much on-point, and I find its analysis persuasive.[2] The plaintiff in Ford filed a lawsuit against the entity that performed her flood determination survey, alleging both common law negligence and breach of contract. The plaintiff there (like Plaintiff here) argued that her causes of action were not based upon violations of the NFIA, but rather they were based upon common law negligence theories. In rejecting the argument, the district court held:

> Plaintiff's claims arose out of First American's failure to correctly determine that the Property was located in [a Special Flood Hazard Area]. The Act provides for and regulates third-party flood zone determinations to ensure that lenders comply with its flood insurance provisions. Therefore, any duty First American owed to Plaintiff, either from the contract between First American and USAA or from an ordinary negligence standard, would have arisen from the Act, a breach of which would violate the Act. For this reason, Plaintiff's claims are based directly on alleged violations of the Act.

See id. at *5. Elsewhere in its opinion, the district court cited to and discussed the "overwhelming majority of both federal and state courts" that have refused to "allow either private federal *or common law claims* arising out of violations of the Act." See id. at *3 (emphasis added); see also id. at *4-9. The plaintiff in Ford (like Plaintiff here) was "unable to cite a single case in which either a federal or state court has allowed a state law cause of action based on a violation of the Act." See id. at *5. Thus, as noted in my prior Order granting Countrywide's first motion to dismiss, it seems most likely that if the Supreme Court of Florida were to consider this issue, it would reach the conclusion reached by all federal and state courts. Plaintiff is, therefore, unable to state a claim against Defendants on the facts of this case.

---

[2]In fact, Ford cited to my Order granting Countrywide's first motion to dismiss, noting that the two cases shared similar factual backgrounds, procedural histories, and legal issues. See Ford, 2006 WL 2921432, at *3 n.3.

*Case No: 3:06cv105/RV/MD*

### III.   CONCLUSION

For all the reasons discussed above, I find that Plaintiff's Amended Complaint is due to be dismissed, this time with prejudice.[3] Defendants' motion to dismiss (Doc. 35) is GRANTED. The Clerk is directed to close this case.

DONE AND ORDERED this 20th day of October, 2006.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

---

[3]Because I find Plaintiff cannot state a claim on the facts of this case, I need not consider and address Defendants' other (and somewhat persuasive) arguments vis-a-vis the lack of contract, the economic loss rule, and the absence of justifiable reliance.

*Case No: 3:06cv105/RV/MD*